# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

FEBRUARY TERM, 1878.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

In the matter of the will of JOSEPH L. LEWIS, deceased, late of the county of Hudson.

1. A party claiming to be an heir at law is not entitled to an inspection of the books and documents of a testator in the hands of the proponents of the will, before there is offered any evidence whatever tending to substantiate his claim as such heir.

2. The admission of hearsay evidence competent as to one contestant of a will, does not authorize his cross-examination upon other matters of hearsay relating to another contestant.

---

On motion that a witness be required to answer certain questions and produce certain papers, documents and books.

*Mr. Daly,* of New York, for the motion.

*Mr. R. Gilchrist, contra.*

This cause was argued at May term, 1877.

In the matter of the will of Joseph L. Lewis.

THE ORDINARY.

One of the questions submitted to me is, whether the contestant, Thomas Lewis, is at this time entitled to an inspection of the papers, documents and books of the testator which are in the hands of the proponents. Seeing that he has offered no evidence whatever, and that there is none in the cause, which tends to substantiate his claim as heir at law, or even to give color to it, various considerations combine to induce me to refuse to grant the inspection. The contestant's right to it does not yet appear. His mere claim of heirship is obviously not enough. The opportunity to avail himself of any evidence which the books, papers and documents in question will afford will not be denied to him, whenever it shall appear to the court proper that it should be accorded.

The other question submitted is, whether a witness who was examined by the counsel of the proponents in reference to certain matters of mere hearsay, and who testified on such examination to those matters, may, on cross-examination by the counsel of the contestant, Thomas Lewis, be inquired of as to a certain other matter, also of mere hearsay. The right to cross-examine as to the particular matters of hearsay testified to on the direct examination has not been denied. It is not claimed that those matters are competent evidence except as against John S. Cathcart, another contestant; but it is insisted that, under the circumstances detailed by the witness, they are competent evidence against him. The question of the competency of this testimony is not now before me. It is not claimed, it may be remarked, that it is competent as against the contestant Lewis. He proposes to inquire of the witness, not as to those matters, but as to another matter of mere hearsay, wholly different.

The objection to the question is sustained.